
**FILED**
**DECEMBER 7, 2007**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICHARD JAMES JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0302 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RICHARD JAMES JOHNSON challenging the result of the following prison disciplinary proceedings:

| Charge/ Disciplinary Case Number | Hearing Date | Good Time Forfeited[1] |
|---|---|---|
| Assaulting an officer with a weapon which resulted in no injury No. 20020179636 | March 18, 2002 | 45 days good time |
| Discourteous conduct of a sexual nature No. 20050142997 | January 31, 2005 | 0 days good time |
| Refusing or failing to obey orders No. 20060040808 | October 14, 2005 | 0 days good time |

---

[1] Only the loss of previously accrued good time credits is referenced because the other punishments assessed constituted changes in the condition of petitioner's confinement and did not implicate the protections afforded by the Due Process Clause as necessary for federal habeas corpus relief.

Petitioner is eligible for mandatory supervision and submitted prison grievances with respect to each of the above disciplinary convictions.[2]

## No Loss

In order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory release <u>and</u> have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Petitioner did not lose any previously accrued good time credits in either Disciplinary Case No. 20050142997 or No. 20060040808. Consequently, petitioner is not entitled to federal habeas corpus relief with regard to either of these disciplinary proceedings, and his petition should be DENIED as to both.

## Time Bar

Title 28 U.S.C. § 2244(d) establishes a one-year limitation period during which persons who are in custody pursuant to a judgment of a state court may file a federal application for a writ of habeas corpus. The statute of limitations is applicable to a prison disciplinary proceeding and in calculating the statute of limitations for disciplinary proceedings, the date of the disciplinary hearing decision is used as the factual predicate date. *Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002). Any appeal filed pursuant to the grievance procedure tolls the statute of limitations period if grievances are timely filed. *Id.* In the instant case, petitioner's Step 1 Grievance challenging Disciplinary Case No. 20020179636 was denied April 29, 2002. Petitioner's Step 2 Grievance

---

[2] Petitioner challenged the three different disciplinary cases through three different federal writ petitions: Cause Nos. 2:05-CV-0302, 2:05-CV-0303, and 2:05-CV-0304. On March 22, 2006, the cases were consolidated into Cause No. 2:05-CV-0302.

challenging the disciplinary proceeding was denied May 23, 2002. As such, petitioner's federal petition was due no later than May 23, 2003. Petitioner declared he placed the habeas application challenging Disciplinary Case No. 20020179636 in the prison mailing system in November 2005,[3] approximately 2 ½ years too late. *See Johnson v. Quarterman*, No. 2:05-CV-0304. Applying the *Kimbrell* analysis to this petition, petitioner's habeas application challenging Disciplinary Case No. 20020179636 is time-barred and should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RICHARD JAMES JOHNSON be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 7th day of December 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[3] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's *pro se* federal habeas petition is deemed filed when the inmate delivers the papers to prison authorities for mailing).

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).